O

JS - 6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEN BAGHDASARIAN, on behalf of Himself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC., a Washington corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants.<br><br>_____ | CASE NO. CV 05-8060 AG (CTx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This case involves a claim for fraud under California's Unfair Competition Law ("UCL"). Defendant Amazon.com, Inc. ("Defendant") filed a Motion for Summary Judgment ("Motion"). The Court GRANTS the Motion.

## BACKGROUND

Defendant runs an online platform called "Amazon Marketplace," where sellers sell products to buyers. (Defendant's Stipulated Facts Relating to Amazon.com, Inc's Motion for Summary Judgment ("DSF") ¶ 2.) When a customer purchases an item on Amazon Marketplace, Defendant processes the order, but an independent seller delivers the goods directly to the buyer. (Jacobson Depo. 26:8-11.)

Plaintiff Alen Baghdasarian ("Plaintiff") purchased eight books from independent sellers on Amazon Marketplace. (Plaintiff's Statement of Uncontroverted Facts ("PSUF") ¶ 1.) Before he made his first purchase, Plaintiff reviewed information on Defendant's website about how shipping and handling rates were calculated. (PSUF ¶ 3.) This information states:

> Amazon.com charges Marketplace buyers a flat rate for shipping, and funds are passed to the seller to offset the costs of packaging and labor, as well as the postage required. The credit given to a seller will usually closely match what the seller pays to ship the item, using the option you have chosen (Standard or Expedited). However, there may be times when the credit a seller is given for a Marketplace order will be above and beyond what is actually paid for postage. Shipping costs are an inherent feature in any mail-order service, and we hope that you will understand.

(DSUF ¶ 7.)

Plaintiff has produced evidence that, without Plaintiffs' knowledge, Defendant charged a higher shipping and handling rate than the estimated cost of shipping and handling. (Plaintiff's Genuine Issues of Material Fact ("PGI") ¶ 11.) Defendant collected the shipping and handling charge directly from the buyer's payment. (PGI ¶ 13.) Defendant then retained any amount of the shipping and handling rate that exceeded the actual cost, but did not tell buyers that it was doing so. (PGI ¶ 12.) This is known as a "holdback fee."

Based on these facts, Plaintiff sued Defendant for violation of the fraud prong of the UCL. Defendant filed this Motion, arguing that Plaintiff has not provided sufficient evidence to support a UCL claim. The Court now considers whether Plaintiff's claim can survive summary

1    judgment.

2

3    **<u>PRELIMINARY MATTERS</u>**

4

5        The parties assert multiple evidentiary objections to evidence submitted by their

6    opponent.  Of the evidence under objection, the Court relied only on one portion of the

7    Baghdasarian Declaration.  The Court will discuss that portion now, and all remaining objections

8    are OVERRULED as moot.

9        In the Baghdasarian Declaration, Plaintiff states that, "[i]n agreeing to pay shipping and

10   handling fees in connection with my purchases on the Amazon Marketplace, I believed and

11   relied on the fact that the shipping and handling fee would be passed on in full to the

12   marketplace seller in order to offset the seller's cost of shipping and handling."  (Baghdasarian

13   Decl. ¶ 2.)  Defendant objects to this statement and argues that it "is inconsistent with Plaintiff's

14   deposition testimony where he stated the reasons why he chose to purchase books on the

15   Marketplace rather than from another source, and therefore is inadmissible."  (Defendant's

16   Objections ¶ 2.)  This objection is OVERRULED.

17       The Baghdasarian Declaration is not inconsistent with Plaintiff's deposition.  In his

18   deposition, Plaintiff was asked, "how did you make the decision to actually buy [an item] from

19   the Amazon.com Marketplace?"  (Baghdasarian Depo. 29:12-15.)  Plaintiff answered that

20   "price," "cost and security" were the reasons he bought products on Amazon Marketplace.

21   (Baghdasarian Depo. 29:16-20.)  Under Defendant's reasoning, since price, cost, and security

22   were Plaintiff's stated reasons for buying products on Amazon Marketplace, Plaintiff could not

23   have also believed and "relied on the fact" that the shipping and handling fee would be fully

24   passed on to the seller.  Defendant's position is unpersuasive, and the Court finds that Plaintiff's

25   Declaration is not inconsistent with his deposition testimony.

26

27

28

**LEGAL STANDARD**

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

**ANALYSIS**

In this Motion, Defendant argues that it is entitled to summary judgment. According to Defendant, Plaintiff does not have standing to assert a UCL fraud claim.

The California Supreme Court recently clarified the standard that must be met by class representatives to maintain a claim under the fraud prong of the UCL. First, the representatives must establish that they have "suffered injury in fact and ha[ve] lost money or property as a result of [such] unfair competition." *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). Second, "a class representative proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading

1  statements, in accordance with well-settled principles regarding the element of reliance in

2  ordinary fraud actions." *Id*. at 306.

3  The *Tobacco II* court also discussed nuances relating to these two general principles

4  which will be discussed in more detail. For now, it is sufficient to explain that Defendant attacks

5  Plaintiff's UCL claim under both of these principles. First, Defendant contends, Plaintiff cannot

6  show that he lost any money or property as a result of Defendant's shipping policy. Second, it

7  asserts, Plaintiff cannot establish that he actually relied on Defendant's shipping policy in

8  purchasing items from Amazon Marketplace.

9  Plaintiff disagrees. He first argues that the "law of the case" doctrine should bar

10  consideration of Defendant's arguments. More specifically, Plaintiff believes that the Court

11  should not consider the merits of Defendant's attack on Plaintiff's UCL claim because

12  Defendant's arguments were already considered and rejected in an earlier order in this case.

13  Plaintiff then argues that, even if the Court considers Defendant's arguments, Plaintiff has

14  sufficiently has shown that he lost money in reliance on Defendant's shipping and handling

15  policy to survive summary judgment.

16  Plaintiff's arguments cannot save his claim, and the Court holds that summary judgment

17  is appropriate. While the law of the case doctrine clarifies the law that the Court will apply to

18  Defendant's monetary loss argument, it does not impact the Court's analysis of Defendant's

19  actual reliance argument. And for reasons that will become clear, Plaintiff has not shown actual

20  reliance on Defendant's shipping policy.

21

22  **1.    THE LAW OF THE CASE DOCTRINE AND DEFENDANT'S MONETARY LOSS**

23  **ARGUMENT**

24

25  Plaintiff argues that the law of the case doctrine bars Defendant's arguments concerning

26  both monetary loss and actual reliance. The Court disagrees, but Plaintiff's "law of the case"

27  argument is useful in determining what law to apply in the Court's analysis of Defendant's

28

1    argument that Plaintiff cannot show that he experienced monetary loss as a result of Defendant's

2    statements.

3           "Under [the law of the case] doctrine, a court should not reopen issues decided in earlier

4    stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997).  For this doctrine

5    "to apply, the issue in question must have been decided explicitly or by necessary implication"

6    in a court's earlier opinion. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715

7    (9th Cir. 1990) (quotation omitted).

8           Here, Defendant argued in an earlier motion for class certification that Plaintiff did not

9    have standing.  More specifically, Defendant argued that Plaintiff could not show monetary loss

10   because he did not "allege that he could have purchased the items for less from somewhere else."

11   (Order Granting Motion for Class Certification and Appointment of Lead Counsel 5:1-6:2.)  The

12   Court disagreed and stated that "Plaintiff needs only to allege that Plaintiff could have purchased

13   the items for less *from Defendant*.  Plaintiff argues that in this case he could have purchased the

14   items for less from Defendant if Defendant had not charged the holdback fee.  The Court agrees

15   with Plaintiff."  (Order Granting Motion for Class Certification and Appointment of Lead

16   Counsel 6:3-6 (emphasis in original).)

17          Plaintiff asserts that the Court's ruling on class certification definitively established that

18   Plaintiff has standing to bring a fraud claim under the UCL.  The Court cannot accept Plaintiff's

19   argument.  Plaintiff's argument ignores the difference between the procedural stages of class

20   certification and summary judgment. *Cf. Central Valley Water Agency v. United States of*

21   *America*, 327 F. Supp. 2d 1180, 1212 (E.D. Cal. 2004) (holding that a ruling on a pleading

22   motion was not law of the case establishing that the plaintiffs had suffered actual injury for the

23   purpose of a summary judgment motion).  At the class certification stage, Plaintiff must make

24   certain *allegations* concerning standing.  Now, to survive summary judgment, Plaintiff must

25   establish certain *facts*.  So while the Court previously held that Plaintiff had standing for class

26   certification purposes, the earlier holding does not automatically extend to the summary

27   judgment stage.

28          But Plaintiff's law of the case argument does help reveal the law that should be applied

1    concerning Defendant's monetary loss argument.  In the order concerning class certification, the

2    Court expressed its view concerning what Plaintiff must allege to sufficiently show monetary

3    loss.  Of course, the distinction between the standards in class certification and summary

4    judgment are still present.  But reference to the pleading requirements for monetary loss narrows

5    the issue of what evidence Plaintiff must produce to meet this same requirement at a summary

6    judgment stage.

7         To show monetary loss at the class certification stage, the Court held that Plaintiff did not

8    need to allege that he could have purchased items for less from somewhere else.  Rather, it was

9    sufficient for Plaintiff to allege that he could have purchased the items for less from Defendant.

10   Extending this law to the summary judgment stage, Plaintiff need only provide evidence that he

11   could have purchased items for less from Defendant to establish that he has suffered monetary

12   loss.

13        Defendant argues that not submitted any such evidence, but the Court disagrees.  As

14   Plaintiff says, "had [Defendant] charged a shipping and handling fee that only reflected the

15   seller's anticipated shipping costs, Plaintiff would have paid less, which demonstrates that he

16   was damaged by [Defendant's] practice of inflating the shipping and handling fee . . . ."  (Opp'n

17   13:2-6.)  Further, Plaintiff provides evidence that Defendant "collects the shipping and handling

18   fees from Marketplace *buyers*," and retains those fees.  (Jacobson Depo. 32:4-24.)  This

19   evidence directly links the shipping and handling charge levied by Defendant to the amount paid

20   by Plaintiff.  Further, Plaintiff provides evidence that Defendant overcharged him for shipping

21   and handling.  (PGI ¶ 2.)  This evidence supports at least a triable issue of fact that Plaintiff

22   would have paid less for the items he purchased if Defendant did not charge the excess shipping

23   and handling fee.

24        At the summary judgment stage, this evidence is sufficient.  Plaintiff's claim has provided

25   sufficient facts that he suffered monetary loss as a result of Defendant's alleged

26   misrepresentations.

27

28

**2.     ACTUAL RELIANCE**

Defendant next argues that Plaintiff has not offered any admissible evidence that he relied on Defendant's statements.  The Court agrees with Defendant and finds that in this case Plaintiff's own deposition testimony establishes that Plaintiff cannot show actual reliance.

A plaintiff asserting a claim under the fraud prong of the UCL must show that he has "suffered injury in fact and has lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added).  The phrase "as a result of" "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *Tobacco II*, 46 Cal. 4th at 306.

To establish actual reliance, plaintiffs must show

> that the defendant's misrepresentation or nondisclosure was 'an immediate cause' of the plaintiff's injury-producing conduct.[]  A plaintiff may establish that the defendant's misrepresentation is an 'immediate cause' of the plaintiff's conduct by showing that in its absence the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct.

*Tobacco II*, 46 Cal. 4th at 326.

> [T]he plaintiff need not demonstrate it was the only cause.  It is not … necessary that [the plaintiff's] reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant or decisive factor in influencing his conduct. … It is enough that the representation has played a substantial part, and so has been a substantial factor, in influencing his decision.

*Id*. (citation and quotation marks omitted).

Here, Plaintiff has not offered any evidence that Defendant's shipping policy caused him to buy products from Amazon Marketplace.  Plaintiff has not shown that "'in all reasonable probability' [he] would not have engaged in the injury-producing conduct" in the absence of

1  Defendant's shipping and handling policy.  *Id.*  Indeed, Plaintiff has not submitted any evidence

2  that he would have been less likely to buy products from Amazon Marketplace absent

3  Defendant's shipping and handling representations.

4       Plaintiff was asked about why he bought items from Amazon Marketplace.  He testified:

5  "I looked at price.  And I was – well, the name 'Amazon,' you know, I was pretty sure that I

6  could trust Amazon as far as getting my products on time and not have to worry about hopefully

7  the credit card thing.  So – so cost and security."  (Baghdasarian Depo. 29:12-20.)  This shows

8  that his primary reasons for buying products from Amazon Marketplace were cost and security.

9       But that does not quite end the matter.  To establish reliance, Plaintiff does not need to

10  show that a misrepresentation was the *primary* factor in his decision to engage in injury causing

11  conduct as long as it was a *significant* factor.  Further,

12

13       a presumption, or at least an inference, of reliance arises wherever
         there is a showing that a misrepresentation was material. [Citations.]

14       A misrepresentation is judged to be 'material' if 'a reasonable man
         would attach importance to its existence or nonexistence in

15       determining his choice of action in the transaction in question'
         [citations], and as such materiality is generally a question of fact

16       unless the 'fact misrepresented is so obviously unimportant that the
         jury could not reasonably find that a reasonable man would have

17       been influenced by it.'

18

19  *Tobacco II*, 46 Cal. 4th at 327 (citations and quotation marks omitted).

20       Despite this language, Plaintiff here cannot take advantage of a presumption or inference

21  of reliance.  In this case, Plaintiff's own deposition testimony undermines his own claims,

22  showing that he did not actually rely on Defendant's statements.  Plaintiff admits that the alleged

23  misrepresentation was not an influential factor in his decision to buy from the marketplace.  He

24  testified, "[i]t's not that if they had told me of the fees . . . I would have never bought something

25  from Amazon.  But the fact that they hid it . . . kind of turned me off . . . ."  (Baghdasarian Depo.

26  32:12-17.)

27       The full extent of Plaintiff's evidence on the point is found in one paragraph in his

28  Declaration.  The Baghdasarian Declaration states that Plaintiff "relied on the fact that the

1   shipping and handling fee would be passed on in full to the marketplace seller in order to offset

2   the seller's cost of shipping and handling," (Baghdasarian Decl. ¶ 2.)  This statement is

3   insufficient to establish that Defendant's shipping and handling policy was a substantial factor in

4   influencing Plaintiff's decision to buy products on Amazon Marketplace.

5         Plaintiff also points out that he stopped buying items from Amazon Marketplace after he

6   learned about Defendant's shipping policy.  But this does not link Defendant's shipping policy

7   with Plaintiff's injury.  Stated in the words of the *Tobacco II* court, it does not establish "'in all

8   reasonable probability' [that Plaintiff] would not have engaged in the injury-producing conduct"

9   if the representations had not been made.  Plaintiff's deposition testimony is that he would still

10  have bought items from Amazon Marketplace if he had known about the holdback fees, and that

11  the reason he stopped buying from Amazon Marketplace was because he learned that the money

12  he was paying was for a hidden fee.  (Baghdasarian Depo. 32:12-17.)  This establishes at most

13  that he stopped transacting on Amazon Marketplace because he believed Defendant to be

14  deceitful.  But Plaintiff's evidence falls short of establishing the crucial point.  Plaintiff does not

15  show that he would have declined to enter into the transactions in the absence of the shipping

16  policy.

17        The Court finds that there is no triable issue of fact concerning whether Plaintiff can show

18  actual reliance on Defendant's shipping policy.  Thus, summary judgment is appropriate.

19

20  **DISPOSITION**

21

22        The Motion is GRANTED.

23

24

25  IT IS SO ORDERED.

26  DATED: December 9, 2009

27  _____

28                            Andrew J. Guilford
                     United States District Judge